UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREG GUTIERREZ,

    Plaintiff(s),

v.

NANCY A. BERRYHILL,

    Defendant(s).

Case No.: 2:18-cv-02068-RFB-NJK

**REFERRAL TO STATE BAR OF NEVADA**

Pursuant to Canon 3(B)(5) of the Code of Conduct for United States Judges, "[a] judge should take appropriate action upon learning of reliable evidence indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct." The unauthorized practice of law and the aiding of another's unauthorized practice of law violate Nevada's ethical rules, and such conduct may lead to disciplinary proceedings and other adverse consequences. *See, e.g.*, *In re Discipline of Lerner*, 197 P.3d 1067 (Nev. 2008) (*en banc*) (publicly reprimanding Nevada attorney for assisting in an Arizona-based attorney's unauthorized practice of law).

This District has established two primary methods for a person to be authorized to practice law here. First, that person may apply to be admitted to the bar of this Court. Local Rule IA 11-1(a)(1). This process requires, *inter alia*, that the applicant is admitted to practice before the Supreme Court of Nevada and remains in good standing therewith. *Id.* Second, that person may apply to be admitted to practice in a particular case pending in this Court. Local Rule IA 11-2(a). This process requires, *inter alia*, the payment of a fee, Local Rule IA 11-2(b), and the absence of regular practice in this Court by the applicant, Local Rule IA 11-2(h).

1

The record in this case appears to show that attorney Steven Rosales may be practicing law in Nevada—and within this Court, in particular—without permission to do so. Mr. Rosales is responsible for the briefing in this case. Docket No. 23 at 3. Mr. Rosales has been communicating with opposing counsel about this case. *See* Docket No. 17 (certifying that Mr. Rosales conferred with opposing counsel regarding settlement, use of alternative dispute resolution, and consenting to a magistrate judge). It further appears that Mr. Rosales has been preparing other filings, such as the request to extend time. *See* Docket No. 23 at 3 ("Counsel Safa has instructed and explained to Counsel Rosales that the stipulation for time filed in this matter was inadequate").[1]

While Mr. Rosales has engaged in the above conduct, it is Cyrus Safa who is the attorney admitted to practice in Nevada and in this Court specifically. *See id.* at 1.[2] It appears Mr. Safa's role is to ensure deadlines are met, and to sign the documents that Mr. Rosales has written. *See id.* at 2. Mr. Safa represents that he also "review[s]" the filings. *Id.*[3]

---

[1] Mr. Rosales may have also drafted the complaint. *See* Docket No. 4 at 1 (complaint signed by Mr. Safa, but with Mr. Rosales' email address provided in the caption).

[2] Mr. Rosales did not request to appear *pro hac vice* in this case. It is unlikely that Mr. Rosales would be permitted to do so, even had he sought that relief. In particular, it appears to be the "standard normal operating procedure" for attorneys like Mr. Rosales to engage in the above conduct for cases in this District, but to have Mr. Safa sign the filings that are made. Docket No. 23 at 2. Attorneys are prohibited from making "repeated appearances" through the *pro hac vice* procedures. Local Rule IA 11-2(h); *see also* Nev. R. Prof. Resp. 5.5(b)(6) (providing an exception to the rule against unauthorized practice of law for a lawyer "representing a client, *on an occasional basis and not as part of a regular or repetitive course of practice in this jurisdiction*, in areas governed primarily by federal law" (emphasis added)).

[3] The nature and extent of this "review" is unclear, but the record suggests it may not be a robust one. Upon the denial of the initial stipulation to reopen and extend the deadline for the opening brief, Mr. Safa makes the puzzling statement that he

> instructed and explained to Counsel Rosales that the stipulation for time filed in this matter was inadequate and that Counsel Rosales must more diligently ensure that the Court's deadlines are met or in the alternative request [sic] for more time must be timely and more robust in explanation. Counsel Safa has explained to Counsel Rosales that failure to do so will result in matters not being assigned to him.

Docket No. 23 at 3. The implication of this instruction is that Mr. Safa did not review or know the contents of the stipulation for extension, even though his name appeared on the signature line and it was filed using his CM/ECF account. *See* Docket No. 18. Moreover, the instruction regarding how Mr. Rosales should draft such requests in future cases similarly suggests that any intended review by Mr. Safa moving forward will be cursory or non-existent.

Given the circumstances, the Court has serious concerns that Mr. Rosales may be engaged in the unauthorized practice of law and that Mr. Safa is assisting in any such unauthorized practice of law. Accordingly, the Court **REFERS** this matter for further investigation and potential disciplinary proceedings to the Nevada State Bar. The Clerk's Office is **INSTRUCTED** to provide a copy of this order, as well as Docket Nos. 4, 15, 17, 18, 19, 20, and 23, to:

>State Bar of Nevada
>Attn: Office of Bar Counsel
>3100 W. Charleston Blvd., Suite 100
>Las Vegas, NV 89102

IT IS SO ORDERED.

Dated: February 19, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

cc: Chief United States District Judge Gloria M. Navarro
Debra Kempi, District Executive