# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREG GUTIERREZ, | Case No.: 2:18-cv-02068-NJK |
| Plaintiff, | **ORDER** |
| v. | (Docket Nos. 21, 28, 29) |
| ANDREW SAUL, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 28-29. Plaintiff filed a reply. Docket No. 30. The parties consented to resolution of this matter by the undersigned magistrate judge and the case was reassigned on January 24, 2020. Docket Nos. 31-32.

**I.    STANDARDS**

   A.    Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b), 416.920(b).[1]  The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).

    B.    <u>Judicial Review</u>

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits.  42 U.S.C. § 405(g).  The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] The five-step process is largely the same for both Title II and Title XVI claims.  For a Title II claim, however, a claimant must also meet insurance requirements.  20 C.F.R. § 404.130.

2

## II. BACKGROUND

### A. Procedural History

On November 7, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income. *See, e.g.*, Administrative Record ("A.R.") 221-28.[2] On April 24, 2015, Plaintiff's claims were denied initially. A.R. 86-87. On August 5, 2015, Plaintiff's claims were denied on reconsideration. A.R. 88-89. On February 29, 2016, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 160-61. On July 17, 2017, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 34-63. On January 9, 2018, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 17-26. On September 18, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On October 26, 2018, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. A.R. 18-26. At step one, the ALJ found that Plaintiff met the insured status requirements through March 31, 2016, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 19-20. At step two, the ALJ found that Plaintiff has the following severe impairments: hearing loss, spine disorders, and dysfunction of other major joints. A.R. 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 20. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except the claimant retains the ability to frequently push and/or pull with his right upper extremity. He can occasionally use the phone, crawl, and climb ladders[,] ropes[,] and scaffolds. The

---

[2] The application for disability insurance benefits provides an alleged onset date of January 2, 2012. A.R. 221. The application for supplemental security income provides an alleged onset date of June 30, 2013. A.R. 223.

3

> claimant can occasionally reach overhead with his right arm or in front or laterally. He is further limited to performing working in an environment of 70db or less. The claimant can understand communication with speakers in front of him.

A.R. 20-24. At step four, the ALJ found Plaintiff not capable of performing past relevant work. A.R. 24. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 24-25. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date with limited education and ability to communicate in English. A.R. 24. The ALJ found the transferability of job skills to be immaterial. A.R. 24. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a production helper, ticket taker, and parking lot attendant. A.R. 24-25.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 25.

**III. ANALYSIS**

Plaintiff raises two issues on appeal. First, he argues that the ALJ erred in discounting the opinion of his treating physician. Second, he argues that the ALJ erred in discounting his own testimony.

A. <u>EVALUATION OF OPINION EVIDENCE</u>

Plaintiff first argues that the ALJ erred in rejecting the opinion of his treating physician, Dr. Darryl Fortson, and relying instead on the opinions of non-examining consultants. *See* Mot. at 7-11; Reply at 3-6. The Commissioner responds that the ALJ properly evaluated the medical opinion evidence and provided sufficient reasons for discounting Dr. Fortson's opinion. *See* Resp. at 4-7. The Commissioner has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to

deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

In this case, the ALJ discounted Dr. Fortson's opinion because it was conclusory in nature and provided no explanation. A.R. 23. The ALJ also found that Dr. Fortson's opinion was inconsistent with the medical record. A.R. 23.[3]

The reasons provided are legally permissible ones. While a medical opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, an ALJ is permitted to reject check-off reports that do not contain any explanation of the bases of the conclusions. *E.g.*, *Ford v. Saul*, ___ F.3d ____, 2020 WL 829864, at *8 (9th Cir. Feb. 20, 2020). An ALJ may also permissibly reject a medical opinion that is inconsistent with the medical record. *E.g.*, *id.* at *7.

The ALJ's findings are also supported by substantial evidence. First, Dr. Fortson's opinion is undoubtedly cursory in nature and lacks any explanation. A.R. 459-60.[4] Second, there is ample evidence in the record from which the ALJ could conclude that Dr. Fortson's opinion was inconsistent with the medical record. *See* Resp. at 6-7 (citing and discussing findings); *see also* A.R. 21-22 (ALJ's discussion of the medical record).[5] While Plaintiff counters that there is

---

[3] The ALJ speculates that Dr. Fortson may have instead been relying on Plaintiff's subjective complaints. *See* A.R. 23.

[4] The ALJ notes specifically that the opinion "provid[es] very little explanation of the evidence relied on in forming that opinion." A.R. 23. This shortcoming is particularly notable given that the check-box form expressly instructs the physician to "attach all relevant treatment notes, laboratory and test results" that are available. A.R. 459.

[5] The Commissioner's brief thoroughly discusses the record: "On December 17, 2014, an examination of Plaintiff's lower back revealed a spams [sic] on the right, but negative figure four test bilaterally, negative log roll test bilaterally, and negative straight leg testing bilaterally (AR 344). On January 29, 2015, an MRI of Plaintiff's right shoulder revealed mild to moderate abnormalities and a partial tear (AR 352). A later MRI showed progressed tear (AR 454). An MRI

evidence from which an ALJ could perhaps have reached a different conclusion, *see* Reply at 4-5, that does not render the conclusion that the ALJ did reach to be unsupported by substantial evidence, *see, e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").

In light of the legally permissible factors supported by substantial evidence discussed above, the ALJ did not err in discounting Dr. Fortson's opinion.

B.     EVALUATION OF PLAINTIFF'S TESTIMONY

Plaintiff next argues that the ALJ erred in discounting his own testimony of disabling limitations. Mot. at 12-20; Reply at 6-8. The Commissioner counters that the ALJ advanced legally permissible reasons supported by substantial evidence for doing so. *See* Resp. at 8-11. The Commissioner has the better argument.

Credibility and similar determinations are quintessential functions of the judge observing witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g.*, *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-

---

of the lumbar spine showed normal lumbar lordosis and mild facet arthropathy (AR 354). X-rays showed some degenerative changes in the lower thoracic spine (AR 355). On February 20, 2015, Plaintiff exhibited tenderness in his lower back but otherwise had a normal range of motion (AR 401). He had a decreased range of motion in his shoulder (AR 401). On July 22, 2015, Plaintiff tested negative in the straight leg raising, but had right shoulder tenderness (AR 393). On July 26, 2015, Plaintiff compared [sic] of moderate to severe back pain, but Plaintiff exhibited mild discomfort upon examination (AR 622, 623). On July 31, 2015, Plaintiff exhibited minimal limitation of movement in his right elbow (AR 390). On September 18, 2015, Plaintiff had a full range of motion in his spine and hips (AR 385). On October 15, 2015, an examination of Plaintiff's spine was unremarkable, and he exhibited a steady gait (AR 422). The record has other unremarkable musculoskeletal examinations (AR 425, 428, 430). On November 8, 2016, Plaintiff underwent right shoulder surgery (AR 457-58). After surgery, Plaintiff was prescribed physical therapy (AR 552, 670-7222 [sic]). Two months after surgery, Plaintiff had a reduced range of motion in his right shoulder and had slightly reduced rotation strength (AR 561). By February 13, 2017, his chief complaint was his back and not his shoulder (AR 562). He had a reduced range of motion in his lower back, but had normal muscle strength (AR 564). A February 24, 2017 examination was unremarkable (AR 590). On March 29, 2017, Plaintiff exhibited improved shoulder function at physical therapy, and he had no shoulder pain at rest and 2/10 shoulder pain with activity (AR 671). After physical therapy, he no longer had had difficulty dressing, overhead tasks, changing light bulbs, putting away dishes, and retrieving wallet from his back pocket (AR 671, 821). On May 17, 2017, a note states that Plaintiff was terminated from his previous pain specialist for seeking medicine outside of his pain treatment (AR 832). A month later, Plaintiff told his physical therapist that he was sore, but felt better (AR 848)." Resp. at 6-7.

40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g.*, *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[6]

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p.

In this case, the ALJ found that Plaintiff satisfied the first step of the above analysis, but failed at the second step. *See* A.R. 21. In reaching that conclusion, the ALJ relied on legally permissible considerations supported by substantial evidence.

First, the ALJ found that Plaintiff's testimony of disabling limitations is not supported by the objective medical record. *See* A.R. 21-22. While such reason cannot be the sole reason for discounting a claimant's testimony, it is a permissible factor for an ALJ to consider among other factors. *Burch*, 400 F.3d at 681. Plaintiff does not argue in his motion that the ALJ's finding of a lack of support in the medical record lacks substantial evidence. *See* Mot. at 20. Any such argument is therefore waived. *See, e.g.*, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226

---

[6] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

n.7 (9th Cir. 2009). Instead, Plaintiff argues only that this factor does not suffice, standing alone, to discount his testimony. *See* Mot. at 20; *see also Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*). Plaintiff's argument is misplaced in this case because, as discussed below, the ALJ also relied on other permissible factors supported by substantial evidence.

Second, the ALJ found that Plaintiff's testimony of disabling limitations is inconsistent with the reported effectiveness of treatment. A.R. 22. An ALJ is permitted to discount a claimant's testimony based on the effectiveness of treatment. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"). With respect to the factual basis for this finding, Plaintiff acknowledges that the record includes indications of "some positive response to medication." Mot. at 15; *see also* Reply at 6 ("Gutierrez acknowledges that this records [sic] shows some improvement after surgery"). Hence, there is no dispute that some evidence exists in the record that supports the ALJ's finding. *See, e.g.*, A.R. 482, 613, 848, 850. Plaintiff instead argues that the improvement was not sufficiently lasting to render it a proper basis to discount his testimony. *See* Mot. at 15.[7] In some circumstances, particularly those involving mental health conditions that wax and wane, courts have rejected an ALJ's reliance on temporary periods of improvement to discount a claimant's testimony when the ALJ did not account for the overall diagnostic picture. *E.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Nonetheless, courts generally continue to affirm an ALJ's reliance on records showing nondisabling limitations even though there may be some evidence that could support a contrary

---

[7] Plaintiff's motion does not support this argument with any citation to the record showing later deterioration of his condition. *See* Mot. at 15. For the first time in reply, Plaintiff points to his reports of increased pain on May 17, 2017. *See* Reply at 6 (citing A.R. 832, 840). By raising this factual issue in meaningful fashion for the first time in reply, Plaintiff denied the Commissioner an opportunity to respond and the Court could find waiver as a result. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). The Court also notes that the record is not as clear as portrayed in reply. The cited visit occurred because Plaintiff was terminated by his previous doctor for improperly seeking medicine outside of his pain treatment. A.R. 832. While Plaintiff reported 7-8 level pain severity to the new physician, A.R. 832, he also appeared pleasant and calm, A.R. 835. Moreover, Plaintiff reported just a few weeks later that he was doing better. *See* A.R. 848 (record from June 12, 2017, that "Patient reports feeling better. Pt reports that he is still sore").

finding. *See, e.g.*, *Ford*, 2020 WL 829864, at *9 (rejecting argument that variable nature of mental illness rendered ALJ's finding unsupported by substantial evidence since courts will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation). Viewing the record in this case, the ALJ's finding with respect to the effectiveness of treatment is supported by substantial evidence notwithstanding the existence of evidence that could potentially support a contrary finding.

Third, the ALJ found that Plaintiff's testimony of disabling limitations is inconsistent with his activities of daily living. A.R. 22. An ALJ is permitted to discount a claimant's testimony of totally debilitating impairment to the extent it is inconsistent with his daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). In this case, the ALJ noted Plaintiff's attestations to having severe limitations, such as a physical inability to get himself out of bed, to sit or stand for very long, to walk any significant distance, or to lift items weighing more than a few pounds. *See* A.R. 21; *see also* A.R. 282, 285, 301. The ALJ noted in contrast that the record showed that Plaintiff engaged in light household chores, prepared meals and otherwise cared for his daughter several days each week, drove his car, went grocery shopping, attended church services, and tended to his personal needs. *See* A.R. 22; *see also* A.R. 47-48. These are not the most robust physical activities one could imagine and Plaintiff downplays their significance here. *See, e.g.*, Mot. at 16-17.[8] Nonetheless, the ALJ did not err in finding that these activities undermined Plaintiff's testimony of disabling limitations. *Cf. Bray*, 554 F.3d at 1227 (finding ALJ did not err in discounting claimant testimony based on activities of cleaning, cooking, walking, driving, and acting as a caregiver); *Jones v. Colvin*, 2014 WL 5292978, at *6 (D. Nev. Oct. 15, 2014) (finding ALJ did not err in discounting claimant testimony based on activities of babysitting, cooking, walking, and using public transportation).

---

[8] Plaintiff argues that there is evidence in the record that he encounters difficulties when caring for his daughter. *See* Mot. at 18. "*Even where [daily] activities suggest some difficulty in functioning*, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113 (emphasis added).

In light of the legally permissible factors supported by substantial evidence discussed above, the ALJ did not err in discounting Plaintiff's testimony.[9]

## IV. CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 21) and **GRANTS** the countermotion to affirm (Docket Nos. 28-29). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: February 28, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[9] Given the conclusion that the ALJ articulated several permissible factors in discounting Plaintiff's testimony, the Court need not address other reasons provided by the ALJ. *Cf. Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (discussing harmless error analysis in context of evaluation of claimant's testimony).